IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.                                                                           NO. 4:23-CV-211-DMB-DAS

NIKKI WRIGHT                                                                         DEFENDANT

## ORDER

On November 13, 2023, the United States of America filed a complaint against Nikki Wright in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA') … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Wright]'s receipt of Paycheck Protection Program [('PPP')] funds to which she was not entitled." Doc. #1 at PageID 1. The complaint alleges that Wright, through misrepresentations, received PPP loan proceeds of $19,646.00, for which the Small Business Administration paid approximately $2,500.00 in processing fees to the financial institution involved, and that based on Wright's false statements, the financial institution was "reimbursed by the SBA." *Id.* at PageID 6, 7.

On April 12, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment." Doc. #11 at PageID 28, 30. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Wright who appears pro se. *Id.* at PageID 32.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or

> stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court reviewed the proposed consent judgment—which requires Wright to pay $27,701.14 plus interest and a $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [11] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 15th day of April, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**